[Cite as *State v. Morgan*, 2025-Ohio-821.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

STATE OF OHIO,                        :

    Plaintiff-Appellant,         : CASE NO. 24CA1205

    v.                           :

STEVEN MORGAN,                        : DECISION AND JUDGMENT ENTRY

    Defendant-Appellee.          :

_____

APPEARANCES:

Aaron E. Haslam, Adams County Prosecuting Attorney, West Union,
Ohio, for appellant.

Brian Goldberg, Cincinnati, Ohio, for appellee.
_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:3-6-25
ABELE, J.

{¶1}  This is an appeal from an Adams County Common Pleas Court judgment that assessed court costs to the Adams County Prosecutor's Office.  Aaron Haslam, Adams County Prosecutor, representing the State of Ohio and the appellant herein, assigns the following error for review.

> "THE TRIAL COURT ERRED WHEN IT TAXED COURT
> COSTS TO THE PROSECUTOR'S OFFICE IN A CRIMINAL
> MATTER INSTEAD OF THE LITIGANT WHEN THE
> PROSECUTING ATTORNEY WAS ACTING IN GOOD FAITH
> AND WITHIN THE SCOPE OF HIS OFFICIAL CAPACITY
> AS THE MANDATED STATUTORY REPRESENTATIVE OF THE

LITIGANT, THE STATE OF OHIO, COUNTY OF ADAMS."

**{¶2}** On March 26, 2024, the Adams County Grand Jury returned an indictment that charged Steven Morgan with one count of domestic violence in R.C. 2919.25(A), a fourth-degree felony. Subsequently, the State of Ohio requested the trial court dismiss the matter. On August 2, 2024, the court issued a Judgment Entry that (1) dismissed the matter without prejudice, and (2) ordered that "costs shall be taxed to the Prosecutor's Office."

**{¶3}** In its sole assignment of error, appellant asserts that the trial court erroneously ordered the prosecutor's office to pay court costs associated with this matter. In particular, appellant points out that R.C. 2947.23 governs the imposition of court costs in criminal cases and requires courts to include the cost of prosecution in a defendant's sentence. However, the statute also provides that courts may choose to waive, suspend or modify a defendant's costs. Appellant argues that in this matter the prosecutor's office is not a party to the action, but instead serves in a representative capacity as legal counsel for one of the parties to the action. Additionally, appellant indicates that no evidence has been adduced in this proceeding to establish that the

prosecutor's office acted in bad faith or outside the scope of its statutory duties.

{¶4} Appellee argues that the defendant should not be assessed court costs in this matter because no conviction occurred or sentence imposed. Instead, the case resulted in a complete dismissal. Appellee also cites *State v. Shields* (4th Dist.) 2023-Ohio-2331 for the proposition that a court should not assess court costs against a defendant in a dismissed criminal action. Rather, costs should only be assessed against a defendant who has been convicted and sentenced.

{¶5} After our review in the case sub judice, we agree with appellant that the trial court improperly ordered the State of Ohio's legal representative to bear the court costs in this action. Absent some unusual circumstance, such as bad faith, improper activity by an officer of the court or some other sanctionable conduct that a court should fully examine, along with proper notice and an opportunity to be heard, a court may not specify that a party's legal representative should bear the costs of an action. Moreover, as appellee points out, the assessment of costs in

4

dismissed cases are generally a matter of agreement between parties to an action.  Here, apparently no such agreement occurred and the appellant should not bear the costs of this dismissed action.

**{¶6}**  Accordingly, based upon the foregoing reasons, we sustain appellant's assignment of error and reverse the trial court's judgment.

JUDGMENT REVERSED
REGARDING COURT COST
ASSESSMENT.

5

JUDGMENT ENTRY


It is ordered that the judgment be reversed regarding court cost assessment.  No costs shall be assessed in this appeal.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court, to carry these judgments into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court

6

BY:_____
                                    Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.